IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:92CR14 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNNY RAY BUTLER, | ) | MEMORANDUM OPINION |
| CHRISTOPHER SCOTT, | ) | |
| MARCEL HARRIS, and | ) | |
| CLEVELAND JOHNSON, JR., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court pursuant to Writs of
Error Audita Querela filed by defendants Marcel Harris (Filing
No. 984), Johnny Ray Butler (Filing No. 1004), Christopher Scott
(Filing No. 1005), and Cleveland Johnson, Jr. (Filing No. 1013).
Pursuant to this Court's order (Filing No. 1007), the United
States filed a response to defendants Scott, Butler and Harris on
May 6, 2005 (Filing No. 1014).  As defendant Johnson's motion
raises the identical issues presented by the other three
defendants, the Court does not need a response from the
government.  The Court has reviewed defendants' writs of error,
and the government's response and finds the issues raised therein
are issues which are properly raised in a motion under § 2255 and
not under the All Writs Act, 28 U.S.C. § 1651(a).  Therefore,
defendants' motions for relief will be denied.

**FACTS**

On January 15, 1992, a twenty-five count indictment was returned against Johnny Ray Butler ("Butler"), Christopher Scott ("Scott"), Marcel Harris ("Harris"), Cleveland Johnson, Jr. ("Johnson") and others charging the defendants in Count I with conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, commonly referred to as crack cocaine. Count II of the indictment charged Butler, Scott and Harris with conducting a continuing criminal enterprise in violation of Title 21, U.S.C. § 848. Butler, Scott and Harris were also charged with money laundering involving drug proceeds and with two counts of possession of drugs with intent to deliver.

On February 17, 1993, a jury convicted Butler, Scott and Harris on multiple charges. They were each sentenced to life in prison. Butler, Scott and Harris appealed to the Eighth Circuit Court of Appeals which affirmed their convictions and sentences. All three filed petitions for writs of certiorari which were denied.

Johnson was also convicted by a jury on February 17, 1993, on Count I and was sentenced to 336 months in prison. On July 29, 1993, Johnson appealed to the Eighth Circuit Court of Appeals which affirmed his conviction and sentence. Johnson filed a petition for writ of certiorari which was denied.

-2-

**Harris**

Harris filed a motion to vacate his conviction under 28 U.S.C. § 2255 on March 26, 1997.  This motion was denied on January 21, 1998.  Harris filed a motion for reconsideration, request for an evidentiary hearing, alternative to vacate judgment on May 13, 1999, which was denied on September 13, 1999. Since then, Harris has filed numerous post-judgment motions to both the District Court and the Eighth Circuit Court of Appeals. All of Harris' post-judgment motions which have been denied.

On April 11, 2005, Harris filed a motion to reconsider his writ of error, audita querela.  This Court ordered the reinstatement of Harris' writ of error audita querela (Filing No. 984) on April 20, 2005.

**Butler**

Butler filed a motion to vacate his conviction under 28 U.S.C. § 2255 on April 4, 1997.  This motion was denied on January 21, 1998.  Butler subsequently filed numerous post-judgment motions to the Eighth Circuit Court of Appeals.  All of Butler's post-judgment motions have been denied.

On March 14, 2005, Butler filed a petition captioned "Writ of Error, Audita Querela' § 28 U.S.C. 1651(a) 'All Writs Act.'"

-3-

**Scott**

Scott filed a motion to vacate his conviction under 28 U.S.C. § 2255 on April 23, 1997. This motion was denied on January 20, 1998. Scott filed a notice of appeal on March 23, 1998, and on March 26, 1998, this Court denied Scott a certificate of appealability. The Eighth Circuit Court of Appeals affirmed the decision of this Court on September 5, 2000.

On March 17, 2005, Scott filed a petition captioned "Writ of Error, Audita Querela' § 28 U.S.C. 1651(a) 'All Writs Act.'"

**Johnson**

On February 18, 2003, Johnson filed a motion to modify the terms of his sentence (Filing No. 949), which was denied on March 6, 2003 (Filing No. 954). On May 3, 2004, Johnson filed a motion to vacate his conviction under 28 U.S.C. § 2255(Filing No. 971). This motion was denied as untimely on May 19, 2004 (Filing No. 977).

On May 2, 2005, Johnson filed a petition captioned "Writ of Error, Audita Querela' § 28 U.S.C. 1651(a) 'All Writs Act.'"

**DISCUSSION**

<u>All Writs Act</u>

The All Writs Act is a residual "source of authority to issue writs that are not otherwise covered by statute. Where a

-4-

statute specifically addresses the particular issue at hand, it is the authority, and not the All Writs Act that is controlling." *United States v. Noske*, 235 F.3d 405, 406 (8th Cir, 2000).

### Audita Querela

Audita querela is a common law writ generally used by judgment debtors to obtain relief by invoking a legal defense after the court had passed judgment. *See United States v. Reyes,* 945 F.3d 862, 863 n.1 (5th Cir. 1991). It is an unsettled question whether the writ of audita querela can be used to challenge a criminal conviction or sentence. *United States v. Holder*, 936 F.2d 1, 6 (1st Cir. 1991). But, the Fifth Circuit Court of Appeals has specifically held that this writ is not available when the defendant can seek relief under § 2255. *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). Similarly, the Seventh Circuit Court of Appeals has specifically held that the writ of audita querela does not apply where the new facts and law are controlled by Fed. R. Crim. P. 33 and § 2255. *United States v. Melton*, 359 F.3d 855, 856 (7th Cir. 2004).

In *Melton*, the court stated that "prisoners cannot avoid the AEDPA's rules by inventive captioning.[. . .] Call it a motion for new trial, arrest of judgment, mandamus, prohibition, corum nobis, corum vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name

-5-

makes no difference.  It is the substance that controls."
*Melton*, 359 F.3d at 857.  As in *Melton*, the present defendants'
applications fit comfortably within § 2255.  Therefore, the
appropriate means for the defendants to challenge their sentences
is under § 2255 because it is the controlling statute.  Section
2255 controls, even though the defendants cannot obtain the
relief sought because they all have previously filed motions
under § 2255, and the statute prevents them from filing
successive § 2255 motions.  *See Noske,* 235 F.3d at 406.  A
separate order will be entered in accordance with this memorandum
opinion.

DATED this 10th day of May, 2005.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court