IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:92CR14 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNNY RAY BUTLER, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant Johnny Ray Butler's ("Butler") Rule 60(b) motion (Filing No. 1106). Upon review of the motion and the applicable law, the Court finds Butler's motion should be denied.

### BACKGROUND

In 1993, Butler was convicted of conspiring to distribute or to possess with the intent to distribute cocaine or crack cocaine, engaging in a continuing criminal enterprise (CCE), and money laundering, and Butler was sentenced to life in prison. Butler's conviction and sentence were affirmed on direct appeal. *United States v. Johnson,* 28 F.3d 1487, 1501 (8th Cir. 1994), *cert. denied*, 513 U.S. 1098 (1995).

In 1997, Butler moved to vacate his conviction pursuant to 28 U.S.C. § 2255 (Filing No. 866). Butler generally asserted four grounds for his motion: (1) the Court's jury instructions regarding the CCE offense were erroneous, (2) the Court's jury instruction on reasonable doubt was erroneous, (3) Count II of the indictment was defective, and (4) Butler received ineffective assistance of counsel. In an order dated January 21, 1998, the

Court denied relief on all grounds (Filing No. 893). Specifically, the Court denied relief on the first three grounds based on *Reid v. United States*, 976 F.2d 446 (8th Cir. 1992)[1] because the issues had not been raised on appeal, and the Court denied relief on the fourth ground on the merits.

The Eighth Circuit granted a certificate of appealability on specific issues and affirmed the Court's judgment. *United States v. Scott*, 218 F.3d 835, 840 (8th Cir. 2000), *cert. denied*, 531 U.S. 1000 (2000). One of the issues considered by the Eighth Circuit was an issue that had been procedurally defaulted; defendants[2] argued the cause and prejudice exception to procedural default applied, but defendants did not argue the actual innocence exception applied. *Id.* at 838-39.

Butler filed this motion in 2008, seeking relief from the Court's January 1998 Order in so far as the Court dismissed certain claims on procedural grounds. Butler argues the Court erred in raising the issue of procedural default *sua sponte* and dismissing claims on that ground without specifically addressing the innocence exception to procedural default or giving Butler notice and the opportunity to argue the actual innocence

---

[1] *Reid* established a plaintiff is barred from bringing an action under § 2255 for errors not raised on appeal, unless the plaintiff can show cause and prejudice for the procedural default or actual innocence. *Reid*, 976 F.2d at 448.

[2] The appeal involved two petitioners, Butler and one of Butler's co-defendants at trial.

exception applied.[3]  Butler now requests an opportunity to present a claim for innocence, which if sufficient, would permit his procedurally defaulted claims to be considered on the merits.

**DISCUSSION**

Rule 60(b)(6) of the Federal Rules of Civil Procedure permits a party to seek relief from a final judgment, order, or proceeding for "any other reason that justifies relief."  "The rule 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008)(quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)(per curiam)).

Here, Butler has failed to make a showing of "exceptional circumstances" warranting relief under Rule 60(b).  The Court acted within its discretion when it dismissed certain claims in Butler's § 2255 on procedural grounds.  *See King v. Kemna*, 266 F.3d 816, 822 (8th Cir. 2001)(§ 2254 case).  Butler had the opportunity to contest the Court's findings and present an actual innocence argument on appeal, but as clearly stated in the Eighth Circuit's opinion, Butler did not present an actual innocence argument at that time.  Butler now argues that he did not have the opportunity to assert an innocence argument to the Eighth Circuit because his name was simply added to the appeal.  The Court finds this argument unpersuasive in light of Butler's delay in asserting it.  Based on the foregoing, the Court does

---

[3] Butler does not dispute that the claims were not raised on appeal.

not find the circumstances of this case warrant relief under Rule 60(b), and Butler's Rule 60(b) motion will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 2nd day of April, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court