IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:92CR14 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNNY RAY BUTLER, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion of defendant Johnny Ray Butler filed pursuant to 18 U.S.C. § 3582(c)(2) for modification of sentence by a person in federal custody (Filing No. 1190). After review of the motion and the relevant law, the Court finds that the motion should be denied.

On August 3, 2010, the Fair Sentencing Act of 2010 effectively reduced the mandatory minimum sentences required for possession with intent to distribute certain amounts of crack cocaine. Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010).

On September 20, 2010, in the month after the Fair Sentencing Act was signed into law, the United States Court of Appeals for the Sixth Circuit addressed the issue of whether the Fair Sentencing Act's adjustment of mandatory minimums was retroactive. *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010). There, the Sixth Circuit first noted, "The 'general savings statute' requires us to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application."

*Carradine*, 621 F.3d. at 580 (citing 1 U.S.C. § 109).  However, "The new law at issue here, the Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can we infer any such express intent from its plain language."  *Id.*  Thus, the Sixth Circuit applied the pre-Fair Sentencing Act mandatory minimum in place at the time when the defendant committed the crime.  *Id.*

In *United States v. Goncalves*, 642 F.3d 245, 253 (1st Cir. 2011), the First Circuit agreed with the Sixth Circuit on the issue of retroactivity and, by this time, was able to cite "ten other circuits [that] have considered this question and held that the [Fair Sentencing Act] is not retroactive."  *Goncalves*, 642 F.3d at 253 (collecting cases).  As the Eighth Circuit stated, "[T]he Fair Sentencing Act contains no express statement that it is retroactive, and thus the 'general savings statute,' 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed."  *United States v. Brewer*, 624 F.3d 900, 909 n. 7 (8th Cir. 2010); *see also United States v. Smith*, 632 F.3d 1043, 1047 (8th Cir. 2011)).[1]

---

[1] On June 21, 2012, the United States Supreme Court refined the issue for a discreet class of offenders.  "The question here is whether the [Fair Sentencing] Act's more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3, 2010.  We hold that the new, more lenient mandatory minimum provisions do apply to those pre-Act offenders."  *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).  Because Butler was sentenced before August 3, 2010, no reduction in sentence is appropriate under *Dorsey*.

In this case, on February 17, 1993, the jury returned a verdict finding Johnny Ray Butler guilty of Counts I, II, and V through XXV of the indictment. The verdict on Count I, Conspiracy to Distribute and Possession with Intent to Distribute Cocaine under 21 U.S.C. § 846, was subsequently set aside as a lesser included offense of Count II, Continuing Criminal Enterprise under 21 U.S.C. § 848(b). On July 27, 1993, Butler was sentenced to a mandatory minimum sentence of life imprisonment on Count II. Butler was also sentenced to ten years each on Counts V through XXV, Money Laundering under 18 U.S.C. § 1956, to run concurrently to the sentence imposed on Count II. Because the changes to mandatory minimum sentences under the Fair Sentencing Act were not retroactive, the Court has no authority to reduce Butler's mandatory minimum life sentence.[2] A separate order will be entered in accordance with this memorandum opinion.

DATED this 10th day of January, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

[2] Moreover, even neglecting the mandatory minimum, Butler's sentence would not be reduced by the application of the Act. Although Butler states in his motion that he was held accountable for 50 grams of cocaine base, Butler was actually held accountable for 42 kilograms, which was a base offense level of 36 under the 1988 Sentencing Guidelines. Under the revised guidelines, this would result in a higher base offense level of 38, with a higher guideline range for Butler's criminal history category of VI.