IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:92CR14 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNNY RAY BUTLER, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant's Rule 35(a) Fed.R.Crim.P. motion to correct an illegal sentence (Filing No. 1241).

Butler contends that he is permitted to press his arguments under Rule 35 of the Federal Rules of Criminal Procedure.[1]  Rule 35 allows the district court to "correct an illegal sentence at any time."  A sentence is illegal where "[t]he punishment meted out was [] in excess of that prescribed by the relevant statutes, multiple terms were [] imposed for the same offense, []or [] the terms of the sentence itself [were] legally or constitutionally invalid in any other respect."  *Hill*

---

[1] The current version of Rule 35(a) requires that a motion be brought within 14 days after sentencing.  However, the older rule provides that "[t]he court may correct an illegal sentence *at any time*."  Federal Rule of Criminal Procedure 35(a), *Rule Applicable To Offenses Committed Prior to Nov. 1, 1987* (emphasis added).  The older rule applies to offenses committed prior to November 1, 1987.  Butler's offense was committed in September of 1987.

*v. United States*, 368 U.S. 424, 430 (1962).  However, a motion under Rule 35 is not appropriate to "re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence."  *Id.*

Butler's claim is premised on the Supreme Court's decision in *Richardson v. United States*, 526 U.S. 813 (1999).  The Court in *Richardson* held that, where a continuing criminal enterprise is alleged, the jury must agree unanimously about which specific violations constitute the "continuing series of violations."  Butler argues that *Richardson* makes his sentence, which was premised on a verdict that lacked such specificity, illegal.  However, Butler's sentence is consistent with the statutory penalties for the crime of which he was convicted.  The lack of a jury verdict on the specific violations in his pre-*Richardson* trial are precisely the kind of "errors occurring at trial" which *Hill* refers to as inappropriate for a Rule 35 motion.

The Seventh Circuit made a similar holding on the retroactive application of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) in a Rule 35 motion.  *United States v. Boyd*, 591 F.3d 953, 956 (7th Cir. 2010).  *Apprendi* announced a constitutional requirement that juries make a finding on any issue that increases a criminal penalty beyond the statutory maximum.

-2-

*Apprendi*, 530 U.S. at 490. The Seventh Circuit, following *Hill*, held that Rule 35's narrow provision for the correction of "an illegal sentence at any time" did not reach the *Apprendi*-violating charge to the jury because it was an "error that occurred in the proceedings prior to the imposition of the sentence." *Id*. at 957. The present case involves a very similar error in the specificity of the charge to the jury -- an error prior to sentencing. Thus, Butler's motion does not succeed under Rule 35.

This leaves Butler's alternative characterization of his motion as one under 28 U.S.C. § 2255. This is not the first motion defendant has filed pursuant to § 2255.

A petitioner seeking to file a second or successive § 2255 motion challenging their conviction or sentence must first obtain circuit court certification. 28 U.S.C. § 2255(h). Because the defendant has not received approval from the Eighth Circuit to file a second or successive § 2255 motion, the Court lacks jurisdiction over his claims. *See*, *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *United States v. Alvarez-Ramirez*, 128 F.Supp.2d 1265, 1267 (C.D.Cal. 2001).

Lacking jurisdiction, defendant's motion will be denied without prejudice. A separate order will be entered in accordance with this memorandum opinion.

DATED this 23rd day of January, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court