IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:92CR14 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNNY RAY BUTLER, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the motion of the defendant, Johnny Ray Butler, filed pursuant to 18 U.S.C. § 3582(c)(2) for modification of sentence by a person in federal custody (Filing No. 1307). After review of the motion and the relevant law, the Court finds that the motion should be denied.

In 1993, Butler was convicted of conspiring to distribute or to possess with the intent to distribute cocaine or crack cocaine, engaging in a continuing criminal enterprise (CCE), and money laundering. Butler was sentenced to life in prison. Butler's conviction and sentence were affirmed on direct appeal. *United States v. Johnson*, 28 F.3d 1487, 1501 (8th Cir. 1994), *cert. denied*, 513 U.S. 1098, 115 S. Ct. 768, 130 L. Ed. 2d 664 (1995).

Butler's present motion is another attempt to challenge his sentence. *See Butler v. Banks*, No. CV 11-05487-GAF(SP), 2011 WL 3476817 at *1-2 (C.D. Cal., August 5, 2011)(detailing Butler's

challenges to his conviction and sentence up to August 2011); *see also* Filing No. 1190 and Filing No. 1241. Butler asserts that he is seeking modification of his life sentence based upon amendments to the United States Sentencing Guidelines (the "Guidelines") (Filing No. 130 at 1-2). However, Butler's life sentence was imposed pursuant to 21 U.S.C. § 848(b), not pursuant to the Guidelines. *See* Filing No. 765 ("A life sentence is mandated by 21 U.S.C. § 848(b) in view of the Court's findings set forth in its sentencing memorandum" (Filing No. 732)).[1]

Liberally construed, Butler's chief argument for a modification of his sentence attacks the Court's determination of the quantity of cocaine base attributable to him. *See* Filing No. 1307 at 2-3. Butler asserts that the quantity of cocaine base attributable to him should have been determined by the jury and proven beyond a reasonable doubt. Butler cites *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) and *Alleyne v. United States*, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) to support the proposition that the Court's determination of quantity attributable to Butler is constitutionally impermissible. *See* Filing No. 1307 at 3.

---

[1] A mandatory life sentence is mandated for an individual meeting the elements of engaging in a CCE where the violation involves a quantity of at least 300 times the quantity of a substance described in § 841(b)(1)(B). 21 U.S.C. § 848(b)(2)(A).

Based on the statutory scheme upon which Butler was sentenced and the nature of his argument, this motion is better characterized as one under 28 U.S.C. § 2255.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). This is not Butler's first motion pursuant to § 2255. A petitioner seeking to file a second or successive § 2255 motion challenging their conviction or sentence must first obtain circuit court certification. 28 U.S.C. § 2255(h). Because Butler has not received approval from the United States Court of Appeals for the Eighth Circuit to file a second or successive § 2255 motion, the Court lacks jurisdiction over his claims. *See, United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *United States v. Alvarez-Ramirez*, 128 F. Supp. 2d 1265, 1267 (C.D. Cal. 2001).

Even if the Court had jurisdiction to address Butler's collateral attack on his sentence, the law precludes the

modification of his sentence. Prior to the Supreme Court's decision in *Alleyne*, a judge was permitted "to find, by a preponderance of the evidence, any fact that increased the mandatory minimum sentence for a crime." *Walker v. United States*, 810 F.3d 568, 573 (8th Cir. 2016) (citing *Harris v. United States*, 536 U.S. 545, 568-69, 122 S. Ct. 2406, 153 L. Ed. 2d 524 (2002)). In *Alleyne*, the Supreme Court overruled *Harris*, holding "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne*, 133 S. Ct. at 2156. The Eighth Circuit, as well as other circuits, have held that "if *Alleyne* announced a new constitutional rule, that rule does not apply retroactively on collateral review." *See Walker*, 810 F.3d at 575.

Applying the quantity of drugs attributable to Butler under the relevant statutory scheme at the time he was sentenced, as well as under the current statutory scheme, both mandate a life sentence be imposed. At the time Butler was sentenced, the statutory scheme mandating a life sentence required a minimum of 1.5 kilograms cocaine base. *See* 21 U.S.C. § 848(b)(2)(A) and 21 U.S.C. § 841(b)(1)(B) (1993). Currently, the statutory scheme mandating a life sentence requires a minimum of 8.4 kilograms of cocaine base. *See* 21 U.S.C. § 848(b)(2)(A) and 21 U.S.C.

§ 841(b)(1)(B) (2016).  Butler was found to be accountable for at least 42.8 kilograms of cocaine base (Filing 732 at 2-3).  Accordingly, under the statutory scheme, both in 1993 and today, Butler is subject to a mandatory life sentence.

For the foregoing reasons, Butler's motion for a modification of sentence (Filing No. 1307) will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 27th day of July, 2017.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court