IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:92CR14 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNNY RAY BUTLER, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the notice of appeal (Filing No. 1310) filed by the defendant, Johnny Ray Butler. In addition, Butler filed a motion to proceed *in forma pauperis* (Filing No. 1311). After review of the record, the Court finds as follows.

**BACKGROUND**

On June 26, 2017, Butler filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c) (Filing No. 1307). Based on Butler's arguments, the Court construed his motion as a successive motion for habeas corpus pursuant to 28 U.S.C. § 2255. *See* Filing No. 1308 at 2-3. The Court denied Butler's motion because he had not received approval from the United States Court of Appeals for the Eighth Circuit to file a successive § 2255 motion. *Id.* at 3. *See also* 28 U.S.C. § 2244. On August 14, 2017, Butler filed a notice of appeal (Filing No. 1310) and a motion for leave to appeal *in forma pauperis* (Filing No. 1311).

**CERTIFICATE OF APPEALABILITY**

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Butler has failed to make a substantial showing that he was denied a constitutional right. As detailed in this Court's June 27, 2017, memorandum opinion, Butler was sentenced under a statutory scheme mandating a life sentence for the quantity of drugs attributable to him both at the time of his conviction and under the current statutory quantities. *See* Filing No. 1308 at 3-5. In addition, Butler's argument that the quantity attributable to him must have been submitted to a jury is without merit. *See id*. at 3-4. Accordingly, a certificate of appealability will not be issued in this case.

**IN FORMA PAUPERIS**

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court -- before or after the notice of appeal is filed -- certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding.

Fed. R. App. P. 24(a)(3). The Court finds that Butler may proceed on appeal *in forma pauperis*. Accordingly,

IT IS ORDERED:

1) No certificate of appealability is issued.

2) Butler's motion to appeal *in forma pauperis* (Filing No. 1311) is granted.

3) The Clerk of the court shall provide the Court of Appeals with a copy of this memorandum and order.

DATED this 16th day of August, 2017.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court