IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNNY RAY BUTLER,<br><br>Defendant. | **8:92CR14**<br><br><br>**ORDER** |

This matter is before the Court on pro se defendant Johnny Ray Butler's ("Butler") "Pleading for Imposition of a Sentence Reduction Due to the Retroactive Application of Section 404 of the First Step Act of 2018" (Filing No. 1360). Upon careful review, the Court finds Butler's motion should be denied without prejudice.

On November 30, 2018, Butler moved (Filing No. 1326) the Court to correct alleged clerical errors made by the Clerk of Court and to allow Butler to appeal the denial of his 28 U.S.C. § 2255 motion and present an actual-innocence argument. On May 2, 2019, the Court denied Butler's motion (Filing No. 1353), and he filed a Notice of Appeal (Filing No. 1355). His appeal remains pending.

Butler's appeal divested this Court of jurisdiction "to modify its judgment by resentencing [him]." *Berman v. United States*, 302 U.S. 211, 214 (1937); *accord United States v. Ledbetter*, 882 F.2d 1345, 1349 (8th Cir. 1989). Under Federal Rule of Criminal Procedure 37, a court that lacks authority to grant a motion "because of an appeal that has been docketed and is pending" may (1) defer consideration, (2) "deny the motion," or (3) "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The Court finds that denying the motion is the best course here. As such, Butler's motion to reduce his sentence (Filing No. 1360) is denied without prejudice.

IT IS SO ORDERED.

Dated this 6th day of June 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge