# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:92CR14 |
| v. | |
| JOHNNY RAY BUTLER, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on pro se defendant Johnny Ray Butler's ("Butler") "Pleading for Imposition of a Sentence Reduction Due to the Retroactive Application of Section 404 of the First Step Act of 2018" (Filing No. 1371). For the reasons stated below, Butler's motion to reduce his sentence is denied.

**I. BACKGROUND**

On February 17, 1993, a jury found Butler and Christopher Scott ("Scott") guilty of (1) conspiring to distribute or possess with intent to distribute cocaine or cocaine base, in violation of 21 U.S.C. §§ 841(a) and 846; (2) engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848; and (3) money laundering, in violation of 18 U.S.C. § 1956(a)(1). The Court determined the charge of conspiracy was a lesser included offense of CCE and set aside the guilty verdicts on the conspiracy charges.

At sentencing, the Court determined Butler and Scott were subject to mandatory life sentences for their CCE convictions under 21 U.S.C. § 848(b) because each was a "principal administrator, organizer, or leader of the enterprise" under § 848(b)(1) and their respective CCE violations involved far more than the 1.5 kilograms of cocaine base

required by § 848(b)(2)(A) at that time.[1]  The Court found Butler and Scott responsible for at least 42.8 grams of cocaine base.

As the Court has previously noted (Filing No. 1322), in the years following his conviction and sentence, Butler has unsuccessfully challenged his sentence on various grounds.  In 2011, 2014 and 2017, Butler moved (Filing Nos. 1168, 1190, and 1307) pursuant to 18 U.S.C. § 3582(c)(2) for a modification of his sentence based in part on the FSA and the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013).  The Court denied (Filing Nos. 1177, 1224, and 1308) Butler's motions, concluding the FSA and *Alleyne* did not afford Butler any relief because they were not retroactive as applied to him.  The Court further concluded the 42.8 kilograms of cocaine base attributed to Butler still subjected him to a mandatory life sentence under 21 U.S.C. § 848(b).

Butler now moves for a sentence reduction pursuant to § 404 of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018).  As relevant here, the First Step Act gives retroactive effect to §§ 2 and 3 of the FSA and "grants a district judge limited authority to consider reducing a sentence previously imposed."  *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019) (explaining that a district judge exercising discretion to reduce a sentence under the First Step Act "decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the [FSA]").  The government opposes reducing Butler's sentence on multiple grounds.

---

[1]When Butler and Scott were sentenced on their CCE convictions, the amount of cocaine base required for a life sentence was 300 times the threshold 5 grams described in 21 U.S.C. § 841(b)(1)(B)(iii).  Multiplying 5 grams by 300 yields 1.5 kilograms.  As Butler points out, the Fair Sentencing Act of 2010 ("FSA"), Pub. L. 111-220, 124 Stat. 2372 (2010), increased the threshold amount of cocaine base in § 841(b)(1)(B)(iii) from 5 grams to 28 grams, meaning the amount of cocaine base required for a life sentence under § 848(b) is now 8.4 kilograms.

## II.  DISCUSSION

Butler raises several flawed ancillary arguments,[2] but the crux of his motion is that he is now "statutorily ineligible" for the life sentence imposed on him under § 848(b) and "is eligible for immediate release."  In Butler's view, the Court should hold a resentencing hearing, rely only on the drug quantity for the conspiracy count alleged in the Indictment, and reduce Butler's life sentence or "terminate the period of incarceration" altogether.

In response, the government contends retroactive application of the FSA does not help Butler because he is still subject to a mandatory life sentence under § 848(b) based on the large quantity of cocaine base attributed to him, which "far exceeds the 8.4 kilograms required now to trigger a mandatory life sentence pursuant to 21 U.S.C. § 848(b)."  The government alternatively argues that even if Butler were eligible for a reduction, the Court should "exercise its discretion and decline to grant one" on these facts because reducing Butler's sentence now through retroactive application of the FSA based on the First Step Act would put him in a better position than a similarly situated defendant sentenced after the FSA took effect.  As the government sees it, "[s]uch a windfall would" create the type of unwarranted sentencing disparity the Supreme Court warned against in *Dorsey v. United States*, 567 U.S. 260, 276-79 (2012).

After careful review, the Court finds Butler's motion should be denied.  The Court agrees with the government that Butler remains subject to a mandatory life sentence

---

[2]For example, in his reply (Filing No. 1379), Butler, ranging far beyond the proper scope of the First Step Act, contends he does not meet the elements of § 848(b), in part, because "there is no jury finding or instruction that Butler was a principal administrator, organizer, or leader."  Even if the Court could consider it at this point, *see, e.g.*, 28 U.S.C. § 2255, the argument is belied by the very jury instruction and verdict form Butler attached as exhibits to his reply.  Instruction No. 21—the elements instruction for Count 2—expressly required the government to prove beyond a reasonable doubt that Butler, among other things, "was an organizer, manager or supervisor of five or more other persons" to convict him of operating a CCE as charged in Count 2.  And the verdict form clearly shows that the jury found Butler guilty of Count 2.

based on the 42.8 kilograms of cocaine base attributed to him and is not entitled to a sentence reduction under the First Step Act. On March 26, 2019, the Court reached the same conclusion (Filing No. 1343) with respect to a similar motion to reduce (Filing No. 1331) filed by Scott, deciding "that—in light of the 42.8 kilograms of cocaine base attributed to Scott—neither the FSA nor the First Step Act" supported a sentence reduction or afforded Scott "any relief from his mandatory life sentence under § 848(b)." The Court's rationale for denying Scott's claims—which was summarily affirmed on appeal (Filing No. 1352)—applies with equal force here with the added benefits of being consistent and treating similarly situated defendants the same.

For the foregoing reasons, defendant Johnny Ray Butler's motion to reduce his sentence under the First Step Act (Filing No. 1371) is denied.

IT IS SO ORDERED.

Dated this 24th day of January 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge