# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHNNY RAY BUTLER, <br><br> Defendant. | 8:92CR14 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on defendant Johnny Ray Butler's ("Butler") pro se Motion for Reconsideration (Filing No. 1381). Butler asks the Court "to alter or amend its [January 24, 2020,] order denying Butler's motion to reduce his mandatory LIFE sentence under 21 USC §848(b) in accordance to Section 404 of the First Step Act." As Butler sees it, he is eligible for a sentence reduction and the Court erred in failing to grant him one. Butler's arguments are unavailing.

Though his is a criminal case, Butler relies on Federal Rule of Civil Procedure 59(e).[1] Some "courts in other Circuits have held that this civil standard applies to motions for reconsideration raised in criminal cases outside of the suppression context," but the Eighth Circuit has not. *United States v. Luger*, 837 F.3d 870, 875-76 (8th Cir. 2016) (declining to "decide whether to import the civil motion for reconsideration standard into the criminal context"). Butler makes no argument for importing that standard here.

Even if the Court assumes the Rule 59(e) standard applies in this context, Butler's motion to reconsider still falls short. Rule 59(e) motions "'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and

---

[1] Federal Rule of Criminal Procedure 59 relates to matters before magistrate judges and does not contain a subsection (e).

'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)).

Here, Butler neither demonstrates a manifest error of law or fact nor presents an argument based on newly discovered evidence. He argues the Court's ruling "fails to adhere to Eighth Circuit precedent as" set forth in *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019), but that case does not support the weight Butler puts on it.[2]

This Court does not read *McDonald*, which involved a different statute of conviction and far different issues, *see id.*, to require the Court, under the circumstances of this case, to use the drug "quantity charged as an element in the indictment and found as an element by a jury beyond a reasonable doubt" as Butler suggests. Beyond that, Butler simply restates arguments previously considered and rejected by the Court in denying his request for a sentence reduction.

Based on the foregoing, Butler's Motion for Reconsideration (Filing No. 1381) is denied.

IT IS SO ORDERED.

Dated this 20th day of March 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

---

[2]This is especially true given the Eighth Circuit's summary affirmance (Filing No. 1352) of the Court's denial of a similar motion to reduce filed by Butler's codefendant.