IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>JOHNNY RAY BUTLER and<br>CHRISTOPHER SCOTT,<br><br>               Defendants. | 8:92CR14<br><br>MEMORANDUM<br>AND ORDER |

      This matter is before the Court on remand from the Eighth Circuit Court of Appeals pursuant to the joint stipulation of the government and defendant Johnny Ray Butler ("Butler"). On September 23, 2019, Butler, who is serving a mandatory life sentence for engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848, moved for a sentence reduction pursuant to § 404 of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). "As relevant here, section 404(b) of the First Step Act allows a district court to 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 [("FSA")] . . . were in effect at the time the covered offense was committed." *United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019) (ellipses in original) (quoting First Step Act § 404(b)).

      In his motion, Butler argued he is now "statutorily ineligible" for the life sentence he received because the jury found him guilty of distributing only "50 grams or more" of cocaine base as charged in the Indictment (Filing No. 10). Butler's argument depended on his contention that *Alleyne v. United States*, 570 U.S. 99, 116 (2013), applied retroactively to his case. In *Alleyne*, the Supreme Court held "facts that increase mandatory minimum sentences must be submitted to the jury." *Id.* Using the jury-found quantity of 50 grams, Butler asserted he was subject only "to a possible statutory penalty

of five to forty years under 21 U.S.C. § 841(b)(1)(B)" and to an advisory United States Sentencing Guidelines range of 77 to 96 months.

Butler's First Step Act motion was similar to one (Filing No. 1331) filed a few months earlier by his codefendant Christopher Scott ("Scott"), who, like Butler, is serving a mandatory life sentence for CCE. The Court denied (Filing No. 1343) Scott's motion, concluding he was still subject to a mandatory life sentence under § 848(b) based on the 42.8 kilograms of cocaine base attributed to him at sentencing. The Court denied (Filing No. 1349) Scott's subsequent motion to reconsider (Filing No. 1345) for the same reason. Scott appealed (Filing Nos. 1346 and 1350), and the Eighth Circuit affirmed (Filing No. 1352).

The government urged (Filing No. 1375) the same result with respect to Butler's motion. The government maintained the First Step Act did not help Butler because he was still subject to a mandatory life sentence under § 848(b) based on the 42.8 kilograms of cocaine base the sentencing judge attributed to him. The government noted that amount "far exceed[ed] the 8.4 kilograms required now to trigger a mandatory life sentence pursuant to 21 U.S.C. § 848(b)." The government alternatively argued the Court should not grant a reduction even if it could.

After carefully reviewing the issues presented, the Court concluded Butler's motion should be denied (Filing No. 1380). The Court determined Butler was likely correct that his conviction under § 848 qualifies as a "covered offense" under the First Step Act. *See* First Step Act § 404(a), 132 Stat. at 5222 (defining "covered offense" to mean "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the [FSA], that was committed before August 3, 2010"); *McDonald*, 944 F.3d at 772 (explaining "[t]he First Step Act applies to offenses, not conduct," so it is the defendant's "statute of conviction that determines his eligibility for relief"). "But a movant's satisfaction of the 'covered offense' requirement does not

necessarily mean that a district court can reduce his sentence." *United States v. Jones*, 962 F.3d 1290, 1303 (11th Cir. 2020) (concluding that "in determining what a movant's statutory penalty would be under the [FSA], the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing").

And the Court was not persuaded that Butler would necessarily get the benefit of *Alleyne* and other post-sentencing developments in the law, particularly given the First Step Act's rather unusual language allowing the Court to "impose a reduced sentence *as if* sections 2 and 3 of the [FSA] were in effect at the time" Butler violated § 848. First Step Act § 404(b), 132 Stat. at 5222 (emphasis added); *see also United States v. Kelley*, 962 F.3d 470, 475 (9th Cir. 2020) ("[T]he First Step Act permits the court to sentence 'as if' parts of the [FSA] had been in place at the time the offense occurred, not 'as if' every subsequent judicial opinion had been rendered or every subsequent statute had been enacted."); *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019) (explaining that a district judge exercising discretion to reduce a sentence under the First Step Act "decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the [FSA]"). *But see United States v. Chambers*, 956 F.3d 667, 672 (4th Cir. 2020) (allowing consideration of intervening changes in the case law in reducing a sentence).

The Court ultimately agreed with the government that Butler remained "subject to a mandatory life sentence based on the 42.8 kilograms of cocaine base attributed to him." *Cf. Jones*, 962 F.3d at 1303 (interpreting § 404(b)'s "as if" requirement to mean that "[i]f the movant's sentence would have necessarily remained the same had the [FSA] been in effect, then the district court lacks the authority to reduce the movant's sentence"). The Court found support for that conclusion in the Eighth Circuit's contemporaneous affirmance of the Court's denial of Scott's First Step Act motion on the same grounds.

Butler moved the Court to reconsider (Filing No. 1381), again arguing the Court's reliance on the drug quantity found by the sentencing judge conflicted with *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *Alleyne*, 570 U.S. at 116. Butler further argued the denial of his motion "fail[ed] to adhere to Eighth Circuit precedent as" set forth in *McDonald*, which, in Butler's view, held "true to the premis[e] in" *Apprendi* and *Alleyne*.

The Court denied the motion, stating it did not read the Eighth Circuit's opinion in *McDonald* "to require the Court, under the circumstances of this case, to use the drug 'quantity charged as an element in the indictment and found as an element by a jury beyond a reasonable doubt' as Butler suggest[ed]." Unconvinced by Butler's argument that *McDonald*—which did not even mention *Apprendi* or *Alleyne*—definitively required the Court to give Butler the benefit of *Alleyne* and other changes in the law, the Court continued to rely on the Eighth Circuit's affirmance of a nearly identical ruling in Scott's case. Absent a clear and unequivocal change from the Eighth Circuit, that decision remained binding on the Court.[1]

Butler promptly appealed. The Eighth Circuit ordered (Filing No. 1392) the parties to brief two questions: (1) whether Butler's § 848 conviction was a "covered offense" and (2) "whether the First Step Act allows the sentencing court to reduce a sentence below a mandatory statutory minimum that was imposed based on facts found at the defendant's sentencing."

---

[1] As far as the Court can tell, the Eighth Circuit still has not expressly decided some of the lingering questions about the proper scope of relief under a First Step Act sentence reduction, including whether *Alleyne* and other subsequent changes in the law apply to such a motion. *See, e.g., United States v. Moore*, 975 F.3d 84, 90 n.30 (2d Cir. 2020) (noting a split in several other circuit courts regarding the proper scope of relief under § 404(b); *Kelley*, 962 F.3d at 475-76 (same); *United States v. Robinson*, No. 8:95CR79, 2020 WL 2126405, at *6 (D. Neb. May 5, 2020) (noting neither the Supreme Court nor the Eighth Circuit has said "whether the Supreme Court's holding in *Alleyne* is implicated in Section 404(b) proceedings").

4

A lot has changed since then. Although the Eighth Circuit has not yet answered those questions, the jurisprudence regarding the proper scope of relief under the First Step Act continues to rapidly develop in the lower federal courts. *See*, *e.g.*, *United States v. Holder*, 981 F.3d 647, 650 (8th Cir. 2020) (summarizing some of the Eighth Circuit's recent decisions); *accord United States v. White*, 984 F.3d 76, 86 (D.C. Cir. 2020) (recently rejecting a quantity-based availability test). The parties then refine their positions in reaction to those developments and other forces.

In this case, the government has had a drastic change of heart while Butler's appeal was pending (or at least a drastic change in its interpretation of the First Step Act and how it applies to Butler). In its brief on appeal, the government now concedes that § 848 is a "covered offense" and that Butler is eligible for a sentence reduction. The government further concedes Butler should get the benefit of *Alleyne*. According to the government, "[u]nder *Alleyne* and *McDonald*, Butler is no longer subject to the statutory mandatory life sentence under § 848(b) because he was only found guilty of conspiracy to distribute 50 grams or more of cocaine base, a quantity that does not trigger a mandatory life sentence under 21 U.S.C. § 848(b)(1)(A)." The government now states Butler's CCE conviction "carries a penalty of 20 years to life."

All of that appears to leave the Court with just one main question to resolve on remand—whether to exercise its discretion to reduce Butler's sentence under the First Step Act. *See*, *e.g.*, *McDonald*, 944 F.3d at 772 (explaining that deciding a motion to reduce under § 404(b) is a two-step process that involves deciding (1) whether a defendant is eligible based on his statute of conviction and (2) if eligible, whether to grant a reduction). Though the parties have previously touched on some of the issues related to that question, the Court would like them to submit supplemental briefs addressing the prudence and potential scope of a sentence reduction under the First Step Act in light of the government's recent concessions. The Court will also direct the U.S. Probation and Pretrial Services Office ("probation office") to prepare a First Step Act Retroactive

Sentencing Worksheet that accounts for the substantial concessions the government has made.

The Court sees no obvious reason why those concessions should not also apply to Scott, who incidentally has a pending motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), and briefly raised the government's concessions in connection with that motion. At this point, the Court finds it would be helpful for the government and Scott to weigh in on these issues as they relate to Scott's sentence as well.

Based on the foregoing,

IT IS ORDERED:

1. The Federal Public Defender for the District of Nebraska is appointed to represent Johnny Ray Butler with respect to his motion to reduce his sentence under the First Step Act.

2. In the event the Federal Public Defender should decline this appointment because of a conflict of interest or on the basis of the Amended Criminal Justice Act Plan, the Federal Public Defender shall provide the Court with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Amended Criminal Justice Act Plan for this district.

3. Christopher Scott's existing counsel's appointment is expanded to include his prior request for a sentence reduction under the First Step Act.

4. The probation office is directed to prepare and file under seal First Step Act Retroactive Sentencing Worksheets for Butler and Scott that reflect a drug quantity of 50 grams of cocaine base and otherwise account as necessary for the substantial concessions the government has made.

5. Within ten days of the probation office filing those worksheets, each party shall file a brief addressing Butler's and Scott's respective requests for sentencing relief under the First Step Act. Absent an extension or other request from the parties, each defendant's motion to reduce shall be deemed fully briefed and submitted as of that date.

Dated this 3rd day of February 2021.

BY THE COURT:

*Robert F. Rossiter, Jr.*

Robert F. Rossiter, Jr.
United States District Judge